UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCIE S.,<br><br>                                  Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>                                  Defendant. | Case No.:  21cv29-RBB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 19] AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT [ECF NO. 21]** |

On January 8, 2021, Plaintiff Francie S.[1] commenced this action against Defendant Andrew Saul, Commissioner of Social Security, for judicial review under 42 U.S.C. § 405(g) of a final adverse decision for disability insurance and supplemental security income benefits [ECF No. 1].[2]  Plaintiff filed an Amended Complaint on March 11, 2021

---

[1] The Court refers to Plaintiff using only her first name and last initial pursuant to the Court's Civil Local Rules.  See S.D. Cal. Civ. R. 7.1(e)(6)(b).

[2] Kilolo Kijakazi is now the Acting Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

[ECF No. 9]. On August 26, 2021, Defendant filed the Administrative Record [ECF No. 13]. On December 27, 2021, Plaintiff filed a Motion for Summary Judgment [ECF No. 19]. Defendant filed a Cross-Motion for Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment on January 31, 2022 [ECF No. 21]. Following the transfer of this matter from the Honorable Linda Lopez to Magistrate Judge Ruben B. Brooks, Plaintiff consented to have this Court conduct all proceedings on February 7, 2022 [ECF No. 22].[3]

For the following reasons, Plaintiff's Motion for Summary Judgment is **DENIED**, and Defendant's Cross-Motion for Summary Judgment is **GRANTED**.

## I.   BACKGROUND

Plaintiff Francie S. was born in 1961 and previously worked as a registered dental assistant for twenty-three years. (Admin. R. 148-49, 354, ECF No. 13.)[4] On or about May 3, 2017, Plaintiff filed applications for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act, respectively. (Id. at 103, 354-62.) She alleged that she had been disabled since December 1, 2015, due to anxiety, shoulder pain, high blood pressure, and diabetes. (Id. at 388.) Plaintiff additionally claimed that back pain limited her ability to work. (See id. at 398, 401 (consisting of Plaintiff's adult function report completed on June 10, 2017, in which she wrote that back pain limited her ability to perform her dental assistant job and engage in house and yard work).) Patricia R.'s applications were denied on initial review and again on reconsideration. (Id. at 211-22.) An administrative hearing was conducted

---

[3] The United States has informed the Court of its general consent to Magistrate Judge jurisdiction in cases of this nature.

[4] The administrative record is filed on the Court's docket as multiple attachments. The Court will cite to the administrative record using the page references contained on the original document rather than the page numbers designated by the Court's case management/electronic case filing system ("CM/ECF"). For all other documents, the Court cites to the page numbers affixed by CM/ECF.

on October 21, 2019, by Administrative Law Judge ("ALJ") Jay Levine.  (Id. at 143.)[5]  On February 5, 2020, the ALJ issued a decision and concluded that Francie S. was not disabled.  (Id. at 103-11.)  Plaintiff requested a review of the ALJ's decision; the Appeals Council denied the request on November 23, 2020.  (Id. at 1-7.)  Plaintiff then commenced this action pursuant to 42 U.S.C. § 405(g).

## II.   LEGAL STANDARDS

Sections 405(g) and 421(d) of the Social Security Act allow unsuccessful applicants to seek judicial review of a final agency decision of the Commissioner.  42 U.S.C.A. § 405(g), 421(d) (West 2011).  The scope of judicial review is limited, however, and the denial of benefits "'will be disturbed only if it is not supported by substantial evidence or is based on legal error.'"  Brawner v. Sec'y of Health & Human Servs., 839 F.2d 432, 433 (9th Cir. 1988) (quoting Green v. Heckler, 803 F.2d 528, 529 (9th Cir. 1986)); see also Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014).  Substantial evidence means "'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997) (quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)); see also Biestek v. Berryhill, ___U.S. ____, ____, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019).  The court must consider the entire record, including the evidence that supports and detracts from the Commissioner's conclusions.  Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 576 (9th Cir. 1988).  If the evidence supports more than one rational interpretation, the court must uphold the ALJ's decision.  Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir.

---

[5] Plaintiff initially appeared for an administrative hearing on March 19, 2019, before ALJ Deborah Van Vleck, who presided over the hearing by video conference.  The hearing was rescheduled for an in-person hearing due to Plaintiff's difficulties with hearing the ALJ during the video conference.  (Admin. R. 136, 139, ECF No. 13.)

2005); Ford v. Saul, 950 F.3d 1141, 1154 (9th Cir. 2020). The district court may affirm, modify, or reverse the Commissioner's decision. 42 U.S.C.A. § 405(g). The matter may also be remanded to the Social Security Administration for further proceedings. Id.

To qualify for disability benefits under the Social Security Act, a claimant must show two things: (1) The applicant suffers from a medically determinable impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of twelve months or more, and (2) the impairment renders the applicant incapable of performing the work that he or she previously performed or any other substantially gainful employment that exists in the national economy. See 42 U.S.C.A. § 423(d)(1)(A), (2)(A) (West 2011). An applicant must meet both requirements to be classified as "disabled." Id. The applicant bears the burden of proving he or she was either permanently disabled or subject to a condition which became so severe as to disable the applicant prior to the date upon which his or her disability insured status expired. Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995).

The Commissioner makes this assessment by employing a five-step analysis outlined in 20 C.F.R. §§ 404.1520 and 416.920. See also Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999) (describing five steps). [6] The burden of proof is on the claimant at steps one through four. Id. at 1098. First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. 20 C.F.R. § 404.1520(b) (2019). Second, the Commissioner determines whether the claimant has a "severe impairment or combination of impairments" that significantly limits the claimant's physical or mental ability to do basic work activities. If

---

[6] The disability insurance benefits (DIB) and supplemental security income (SSI) regulations relevant to this case are virtually identical; therefore, only the DIB regulations will be cited in the remainder of this order. Parallel SSI regulations are found in 20 C.F.R. §§ 416.900–416.999 and correspond with the last digits of the DIB cite (e.g., 20 C.F.R. § 404.1520 corresponds with 20 C.F.R. § 416.920).

not, the claimant is not disabled. Id. § 404.1520(c). Third, the medical evidence of the claimant's impairment is compared to a list of impairments that are presumed severe enough to preclude work; if the claimant's impairment meets or equals one of the listed impairments, benefits are awarded. Id. § 404.1520(d). If not, the claimant's residual functional capacity is assessed and the evaluation proceeds to step four. Id. § 404.1520(e). Fourth, the Commissioner determines whether the claimant can do his or her past relevant work. If the claimant can do their past work, benefits are denied. Id. § 404.1520(f). If the claimant cannot perform his or her past relevant work, the burden shifts to the Commissioner. In step five, the Commissioner must establish that the claimant can perform other work. Id. § 404.1520(g)(1). If the Commissioner meets this burden and proves that the claimant is able to perform other work that exists in the national economy, benefits are denied. Id. § 404.1520(g)(1).

### III.   DISCUSSION

ALJ Levine determined at step one that Plaintiff had not engaged in substantial gainful activity since December 1, 2015, the alleged onset date (step one). (Admin. R. 105, ECF No. 13.) At step two, he found that Francie S.'s medically determinable impairments included deafness in the left ear, mild degenerative disc disease of the cervical spine, hypertension, high cholesterol, diabetes, and anxiety disorder. (Id. at 106.) The ALJ determined that Plaintiff did not have an impairment or combination of impairments that significantly limited the ability to perform basic work-related activities and thus did not have a severe impairment or combination of impairments. (Id.) Accordingly, he found that Francie S. had not been under a disability from December 1, 2015, through the date of his decision, and did not proceed through the remaining steps of the sequential evaluation. (Id. at 111.)

Plaintiff makes two arguments: (1) the ALJ committed error in his step-two evaluation by finding that her back pain was not a severe impairment, (see Pl.'s Mot.

Attach. #1 Mem. P. & A. 3-6, ECF No. 19); and (2) the Commissioner's decision rests on an unconstitutional delegation of authority, (id. at 6-10). The Court addresses each argument in turn.

## A. Step-Two Severity Determination

Plaintiff contends that ALJ Levine erred in his determination that her back pain was not a severe impairment at step two of the disability evaluation. (Id. at 3-6.) She relies on her application for benefits, adult function report, hearing testimony, and assorted medical records to demonstrate that her history of back pain is documented throughout the record. (Id. at 4-5.) She also refers to a lumbar x-ray taken on July 15, 2020, after the ALJ's decision, and other medical evidence submitted for the first time to the Appeals Council, to support her allegations of severe back impairment. (Id. at 5-6.) Defendant argues in response that Plaintiff has failed to identify any objective evidence showing that her back pain was a severe impairment. (Def.'s Cross-Mot. Attach. #1 Mem. P. & A. 13-18, ECF No. 21.) Defendant further contends that the Appeals Council properly denied Francie S.'s request for review and provided sufficient reasons for declining to consider the additional evidence submitted by Plaintiff. (Id. at 18-22.)

At step two in the sequential evaluation, the Social Security Administration ("SSA") considers the medical severity of the claimant's impairment. 20 C.F.R. § 404.1520(a)(4)(ii). To be found disabled, a disability claimant must have a medically determinable physical or mental impairment or combination of impairments that is severe. Id. A "medically determinable" physical impairment "must be established by objective medical evidence from an acceptable medical source." See 20 C.F.R. § 404.1521 (2019). The SSA "will not use [a claimant's] statement of symptoms, a diagnosis, or a medical opinion to establish the existence of an impairment(s)." Id. Once a medically determinable impairment is established, the SSA decides whether the impairment or combination of impairments is "severe." Id. A severe impairment is one

"which significantly limits your physical or mental ability to do basic work activities[.]" Id. § 404.1520(c).  "Basic work activities" include walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling.  Id. § 404.1522(b) (2019); SSR 85-28, 1985 WL 56856, at *3 (Jan. 1, 1985).  The requirement that an impairment be severe "allow[s] the Secretary to deny benefits summarily to those applicants with impairments of a minimal nature which could never prevent a person from working." SSR 85-28, 1985 WL 56856, at *2 (citation omitted); see also Bowen v. Yuckert, 482 U.S. 137, 153, 107 S. Ct 2287, 2297, 96 L.Ed.2d 119 (1987) ("The severity regulation increases the efficiency and reliability of the evaluation process by identifying at an early stage those claimants whose medical impairments are so slight that it is unlikely they would be found to be disabled[.]"); Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996) ("[T]he step-two inquiry is a de minimis screening device to dispose of groundless claims.").  It is the claimant's burden to establish that she has a medically severe impairment or combination of impairments.  See Tackett, 180 F.3d at 1098 (confirming that the claimant bears the burden of proof at steps one through four); Bowen, 482 U.S. at 146 n.5, 107 S. Ct at 2294, 96 L.Ed.2d 119 ("It is not unreasonable to require the claimant, who is in a better position to provide information about his own medical condition, to do so.").)

In this case, the ALJ determined that Plaintiff's medically determinable impairments consisted of deafness in the left ear, mild degenerative disc disease of the cervical spine, hypertension, high cholesterol, diabetes, anxiety disorder.  (Admin. R. 106, ECF No. 13.)  He did not find any of these impairments, or any combination thereof, to be severe.  (Id.)  ALJ Levine did not find that Francie S.'s back pain constituted a "medically determinable" impairment, let alone a "severe" impairment.  (Id.)  Plaintiff contends that the ALJ committed legal error by failing to identify her back pain as a medical impairment despite her statements about back pain in her application, function

report, and hearing testimony.  (Pl.'s Mot. Attach. #1 Mem. P. & A. 5, ECF No. 19.)  She is mistaken.

As set forth above, a "medically determinable" physical impairment must be established by objective medical evidence; a claimant's statement of symptoms does not establish the existence of an impairment.  See 20 C.F.R. § 404.1521.  The SSA will also not rely on a diagnosis or a medical opinion to establish the existence of an impairment; objective medical evidence is needed.  Id.  "Objective medical evidence means signs, laboratory findings, or both."  Id. § 404.1502(f) (2019).  "Signs" is defined as "one or more anatomical, physiological, or psychological abnormalities that can be observed, apart from your statements (symptoms)" and must be shown by medically acceptable clinical diagnostic techniques.  Id. § 404.1502(g).  "Laboratory findings" include medically acceptable diagnostic techniques such as blood tests, electrophysiological studies, or medical imaging.  Id. § 404.1502(c).  "[E]vidence of reduced joint motion, muscle spasm, sensory deficit or motor disruption" is considered objective medical evidence.  Id. § 404.1529(c)(2) (2019).

Although Plaintiff refers to assorted medical records in which she complained of back pain, (see Pl.'s Mot. Attach. #1 Mem. P. & A. 5, ECF No. 19), these were insufficient to establish a medically determinable impairment.  See 20 C.F.R. § 404.1521 ("We will not use your statement of symptoms . . . to establish the existence of an impairment(s).").  And even though, on several occasions, the assessments offered by Francie S.'s medical providers included a diagnosis of back pain, (see Admin. R. 565, 573, 591, ECF No. 13), these diagnoses were also insufficient to establish a medically determinable impairment.  See 20 C.F.R. § 404.1521 ("We will not use . . . a diagnosis[] or a medical opinion to establish the existence of an impairment(s).").  As Defendant Commissioner correctly observes, objective medical evidence is needed to establish a severe impairment, and there is none in the record establishing that Plaintiff's back pain

was a severe impairment during the relevant period.  Even if the tenderness in Plaintiff's upper back, noted in conjunction with tenderness in the neck and trapezius regions during physical examinations on May 19, June 16, and July 18, 2017, (see Admin. R. 563, 565, 573, ECF No. 13), could be considered objective findings, this evidence neither establishes any functional limitations nor meets the duration requirement: a severe impairment must last or be expected to last for a continuous period of at least twelve months.  See 20 C.F.R. § 404.1520(a)(4)(ii).

Plaintiff has failed to identify any evidence showing that the ALJ erred in his step-two severity determination.  Given that there were no objective findings in the record relating to Plaintiff's back pain at the time the ALJ rendered his decision, and no showing that her back pain significantly limited her ability to perform basic work activities, the ALJ could properly find that Francie S.'s back condition was not a medically determinable severe impairment.

## B.     Post-Decision Records

Plaintiff next contends that she "finally" obtained an x-ray of her lumbar spine on July 15, 2020, and the report states that the indications for the x-rays were that she had "suffered from chronic low back pain for many years."  (Pl.'s Mot. Attach. #1 Mem. P. & A. 5, ECF No. 19, citing Admin. R. 95, ECF No. 13.)[7]  Plaintiff also received thoracic and cervical spine x-rays for "[c]hronic mid-back pain for many years" and for "[c]hronic neck pain for many years."  (Id., citing Admin. R. 96-97, ECF No. 13.)[8]  She argues that her lumbar spine x-ray report, which post-dated the ALJ's decision and was submitted for

---

[7] Plaintiff's lumbar x-rays showed "[l]ower lumbar facet arthropathy with mild associated anterolisthesis at L4-5."  (Admin. R. 95, ECF No. 13.)  Facet arthropathy is a form of arthritis affecting joints in the spine.  See Stanford Health Care, https://stanfordhealthcare.org/medical-conditions/back-neck-and-spine/facet-arthropathy.html (last visited July 8, 2022).
[8] Plaintiff's thoracic x-rays showed only mild degenerative changes.  (Admin. R. 96, ECF No. 13.)  Her cervical x-rays revealed degenerative disc disease at C4-5 and C5-6 with mild foraminal narrowing.  (Id. at 97.)

the first time to the Appeals Council, makes clear that her back pain "met the de minimis standard" and thus the ALJ prematurely terminated his analysis at step two. (Id. at 6.) The Commissioner responds that Plaintiff has not explained how imaging performed in 2020 is "reflective of her condition during the time period in question or how it undermines the ALJ's decision." (Def.'s Cross-Mot. Attach. #1 Mem. P. & A. 20, ECF No. 21.) Defendant argues further that the Appeals Council properly determined that these records did not pertain to the period at issue, that is, the time up to the ALJ's decision and Plaintiff can, as the Appeals Council indicated, file a new claim for disability benefits if she contends that she was disabled after February 5, 2020, the date of the ALJ's decision. (Id. at 20 & n.13; see also Admin. R. 2, ECF No. 13.)

In Brewes v. Comm'r Soc. Sec. Admin., 682 F.3d 1157 (9th Cir. 2012), the Ninth Circuit held that the administrative record includes evidence submitted for the first time to the Appeals Council, and that evidence is considered a part of the "record as a whole." (Id. at 1162-63.) In doing so, the circuit court observed that the Commissioner's regulations permit claimants to submit additional evidence to the Appeals Council and require that it consider the evidence so long as it relates to the period on or before the date of the ALJ's decision. (Id. at 1162 (citing 20 C.F.R. § 404.970(b)).) Here, the records submitted to the Appeals Council and upon which Plaintiff relies do not relate to the period before the ALJ's decision; rather, they reflect the condition of Francie S.'s spine on July 15, 2020, after the ALJ's decision. (See Admin. R. 95-97, ECF No. 13.) Her lumbar x-ray findings do not, as Plaintiff contends, demonstrate that she has suffered from chronic low back for many years. Rather, the x-ray report reflects that imaging was indicated because of Plaintiff's report of lower back pain. (Id. at 95.) As discussed above, a claimant's statement of symptoms cannot establish the existence of an impairment. See 20 C.F.R. § 404.1521. Moreover, Plaintiff's back pain complaints during the period before the ALJ's decision related to her upper back, not lower back.

See Admin. R. 156-57, ECF No. 13 (reflecting Plaintiff's hearing testimony that she experienced upper back pain); see also id. at 563, 565, 573 (indicating tenderness in Francie S.'s upper back region).  This further substantiates that the July 15, 2020 lumbar x-ray report, pertaining to her lower back, did not relate to the period at issue before the ALJ.  Therefore, there is no need to remand to the ALJ for consideration of this reort or the other records submitted to the Appeals Council by Plaintiff.

**C.     Unconstitutional Delegation of Authority Argument**

Plaintiff contends that the appointment of Commissioner of Social Security Andrew Saul was unconstitutional because he could not be removed by the President without cause, therefore rendering the ALJ's decision, which was issued during Commissioner Saul's tenure, defective. (Pl.'s Mot. Attach. #1 Mem. P. & A. 12-14, ECF No. 21.)  The Ninth Circuit's recent opinion in Kaufmann v. Kijakazi, 32 F.4th 843 (9th Cir. 2022), decided after the briefs in this case were filed, is dispositive of this issue.  In Kaufmann, the Ninth Circuit held that the removal provision in the statute governing the President's removal authority over the Commissioner of Social Security, 42 U.S.C. § 902(a)(3), was unconstitutional and severable. Id. at 848.  In deciding the appropriate remedy for the plaintiff, whose appeal to the Appeals Council was denied while former Commissioner Saul was serving under the unconstitutional removal statute, the court stated that "[a] party challenging an agency's past actions must [] show how the unconstitutional removal provision actually harmed the party[.]" Id. at 849.  Here, as in Kaufmann, Plaintiff has not presented any evidence or articulated a plausible theory to show that the removal provision caused her any harm.  See id. at 849-50.  Therefore, "the unconstitutional provision has no effect on [her] case." See id. at 850.

/ / /

/ / /

/ / /

11

IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Summary Judgment is **DENIED**, and Defendant's Cross-Motion for Summary Judgment is **GRANTED**.

This Order concludes the litigation in this matter. The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: July 21, 2022

_____
Hon. Ruben B. Brooks
United States Magistrate Judge

12

21cv29-RBB